UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-773-DMG (SHKx)** | Date | May 14, 2018 |
|---|---|---|---|
| Title | *Denise Holloway v. Select Portfolio Servicing, Inc., et al.* | Page | 1 of 4 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| KANE TIEN | | NOT REPORTED |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s) | | Attorneys Present for Defendant(s) |
| None Present | | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS [10, 12]**

This matter is before the Court on Defendants' motion to dismiss ("MTD") Plaintiff's Complaint, and Plaintiff's motion to remand the action to state court for lack of subject matter jurisdiction ("MTR"). [Doc. ## 10 (MTD), 12 (MTR).]

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed suit against Defendants—Select Portfolio Servicing, Inc. ("SPS"), the loan servicer of Plaintiff's home loan; and U.S. Bank, NA ("USB"), the beneficiary of the Deed of Trust recorded in connection with Plaintiff's home loan and property—in Riverside County Superior Court on March 15, 2018. [Doc. # 1-1 (Complaint).] The Complaint alleges various state law causes of action related to the servicing of Plaintiff's home loan. *Id.* She seeks, *inter alia*, a permanent injunction prohibiting Defendants from foreclosing on Plaintiff's property. *Id.* at 20 ¶ 2.

On April 16, 2018, Defendants timely removed the action to this Court for diversity jurisdiction. [Doc. # 1.] Their Notice of Removal establishes, contrary to the Complaint's allegations, that neither defendant is a citizen of California for diversity purposes. *Id.* at 3–4. They also contend that the amount in controversy exceeds $75,000 because the subject property—the object of the litigation in this foreclosure-related case—was used to secure a $540,000 loan. *Id.* at 4.

On April 23, 2018, Defendants filed the instant MTD. [Doc. # 10.] The following day, Plaintiff filed the instant MTR, arguing that Defendants have not shown an amount in controversy over $75,000 by virtue of the loan amount. MTR at 6–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-773-DMG (SHKx)** | Date | May 14, 2018 |
|---|---|---|---|
| Title | *Denise Holloway v. Select Portfolio Servicing, Inc., et al.* | Page | 2 of 4 |

## II.
## DISCUSSION

### A. Motion to Remand

#### 1. Legal Standard

Pursuant to 28 U.S.C. § 1332(a)(1), a district court shall have jurisdiction over a civil action where the amount in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. *See Diaz v. Davis* (*In re Digimarc Corp. Derivative Litig.*), 549 F.3d 1223, 1234 (9th Cir. 2008). Only the amount of controversy is in dispute here.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The removing defendant must prove the requisite amount in controversy by a preponderance of the evidence. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996))).

#### 2. Analysis

Plaintiff contends that Defendants cannot rely on either the value of her home or the amount of indebtedness to establish the requisite amount in controversy for removal. In support, she relies on the Ninth Circuit's recent decision in *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770 (9th Cir. 2017). In opposition, Defendants argue that Plaintiff's reliance on *Corral* is misplaced and that they have sufficiently carried their burden in demonstrating an amount in controversy over $75,000. Defendants are correct.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 33, 347 (1977); *accord Cohn*, 281 F.3d at 840. Where the plaintiff seeks "injunctive relief to prevent or undo the lender's sale of the property," "the value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met." *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667-JCS, 2010 WL 2629785, at *5 (N.D. Cal. June 29, 2010); *see also Chapman v. Deutsche Bank*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-773-DMG (SHKx)** | Date | May 14, 2018 |
|---|---|---|---|
| Title | ***Denise Holloway v. Select Portfolio Servicing, Inc., et al.*** | Page | 3 of 4 |

*Nat'l Tr. Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) ("Here, the object in litigation is the Property, which was assessed at a value of more than $200,000, and therefore satisfies the amount-in-controversy requirement."); *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (treating value of property as amount in controversy in action to enjoin foreclosure sale).

In *Corral*, the Ninth Circuit reviewed the lower court's denial of plaintiff's motion to remand in a case where the plaintiff sought "only a temporary injunction against foreclosure while a loan modification application [was] pending" and not "to enjoin foreclosure indefinitely." 878 F.3d at 774–75, 776. The Court held that "the amount in controversy in such cases does not equal the value of the property or amount of indebtedness." *Id.* at 776. Notably, however, the Court distinguished the circumstances at bar from those presented in cases where the Circuit Court found that the property value satisfies the amount in controversy requirement:

> Our holding here is not inconsistent with *Chapman* and *Garfinkle* [cited above]. When a plaintiff seeks to quiet title to a property or permanently enjoin foreclosure, the object of the litigation is the ownership of the property. Therefore, the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy.

*Id.*

As stated above, Plaintiff seeks, in no uncertain terms, to permanently enjoin the foreclosure sale of her property. According to the Complaint, Plaintiff used the property to secure a $540,000 loan. Defendants contend it is thus more likely than not that the value of the property exceeds $75,000. The Court agrees. Defendants have carried their burden of establishing subject matter jurisdiction.

Plaintiff's MTR is therefore **DENIED**.

**B.**  **Motion to Dismiss**

Defendants' MTD is noticed for a May 25, 2018 hearing. [Doc. # 10.] Pursuant to Local Rule 7-9, Plaintiffs' opposition was due by Friday, May 4, 2018, *i.e.*, at least 21 days before the date of the motion hearing. To date, no opposition has been filed, and the time to do so has now passed. Accordingly, Defendants' MTD is **GRANTED** for failure to oppose. *See Oakley, Inc. v. Nike, Inc.*, 988 F. Supp. 2d 1130, 1139 (C.D. Cal. 2013) ("[T]he Local Rules permit the Court [to] deem failure to oppose as consent to the granting of the motion.") (citing L.R. 7-12).

# III.
# CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's motion to remand [Doc. # 12] and **GRANTS** Defendants' motion to dismiss [Doc. # 10]. The May 25, 2018 hearing on the motions is **VACATED**. Plaintiff shall file an amended pleading, or notify Defendants of her intent not to do so, within 15 days from the date of this Order. **Failure to timely file an amended complaint will result in the summary dismissal of this action without prejudice.**

**IT IS SO ORDERED.**